IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAFRON LEMUEL ROBERTS                                                                    PETITIONER

VERSUS                                                            CIVIL ACTION NO. 3:15-cv-875-CWR-FKB

STATE OF MISSISSIPPI, et al.                                                          RESPONDENTS

MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Jafron Lemuel Roberts, an inmate at the Lauderdale County Detention Center, Meridian, Mississippi, files this Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254. *See* Order [19]. Having considered the Petition [1], Petitioner's Response [20], applicable case law and statutes, the Court finds that Petitioner's claims fail to warrant federal habeas corpus relief because Petitioner has not exhausted his state court remedies.

Petitioner was convicted in the Circuit Court of Lauderdale County, Mississippi, on March 24, 2016, of statutory rape and kidnaping. Pet'r's Resp. [20] at 2. Petitioner's Response [20] indicates that he is challenging his conviction on the grounds that his Sixth and Fourteenth Amendment rights have been violated. Specifically, Petitioner argues that his right to a speedy trial was violated. *Id.* at 1-3. Liberally construing Petitioner's Response [20], the Court finds that Petitioner, in an effort to inform the Court of the steps he has taken to exhaust his available state court remedies, represents that a Motion for Judgment Notwithstanding the Verdict, or alternatively, Motion for New Trial will be filed. *See* Pet'r's Resp. [20] at 4.

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). A petitioner must exhaust his claims

through the state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain*, 228 F.3d 616, 619-20 & n.6 (5th Cir. 2000). Moreover, in order to satisfy the exhaustion requirement, the claim must have been fairly presented to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). As a general matter, a habeas petition will be dismissed when the petitioner has not exhausted his claims in state court. *See Smith,* 515 F.3d at 400 (citing 28 U.S.C. §2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

According to Petitioner, "[a]t this time . . . , there is one motion I know that's going to be filed and that is a Motion for Judg[]ment Notwithstanding the Verdict, or alternatively, Motion for New Trial, which will be filed ten days from this the 5th of May." Pet'r's Resp. [20] at 4. Clearly, Petitioner is in the process of filing post-conviction motions with the trial court. Based on Petitioner's Response [20], the Court finds that Petitioner has not given the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c) (providing that a petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). Once the trial court rules on his motion and in the event he is denied relief, he may appeal to the Mississippi appellate courts and properly exhaust his state court remedies.[1] *See* Miss. Code Ann. § 99-39-25; *see also Harris v. State,* 174 So.3d 314 (Miss. Ct. App. Aug. 18, 2015) (considering Harris' appeal of the

---

[1] If Petitioner presents new legal theories or new factual claims in his federal habeas petition, the exhaustion requirement is not satisfied. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

denial of his post-conviction motion by the trial court and his argument that his right to a speedy trial was violated).

For the reasons set forth above, the Court finds that Petitioner has not exhausted his available state court remedies as required by 28 U.S.C. § 2254(b)(1)(A) and (c) and Petitioner's request for habeas relief will be denied for failure to exhaust his state court remedies.

Petitioner's request for habeas relief is denied and the petition is dismissed without prejudice based on Petitioner's failure to exhaust his state court remedies.

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

SO ORDERED, this the 26th day of May, 2016.

s/Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE